The next case this morning is 522-0743. People versus Honorable. Arguing for the appellant is Deepa Punjabi. Arguing for the appellee is John Barrett. The each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Morning councilors. Morning. Good morning your honors. Mr. Barrett we see you again. Good to see you again. We've read your briefs and so we're familiar with the facts on the briefs. Ms. Punjabi are you ready to proceed? I am. Thank you your honor. Let me do so. Thank you. May it please the court. My name is Deepa Punjabi. I represent the defendant appellant Leandra Honorable. Mr. Honorable was convicted of aggravated discharge of a firearm and unlawful possession of a weapon by a felon. With respect to his aggravated discharge conviction he argues that the evidence was insufficient and with respect to his unlawful possession of a weapon by a felon conviction he argues that the statute is facially unconstitutional under the second amendment pursuant to the test enunciated by the United States Supreme Court in New York Rifle and argument the facial challenge. However if this court wishes I'm happy to discuss the challenge to the sufficiency of the evidence of aggravated discharge and to answer any questions about that argument. Now as this court is aware in Bruin the United States Supreme Court eliminated means and scrutiny for evaluating gun regulations under the second amendment and announced a new analytical framework to assess if a firearm regulation can survive constitutional challenge under the second amendment and under Bruin's two-step analysis we first ask whether the second amendment's plain text covers an individual's conduct in which case the constitution presumptively protects that conduct and step number two is that the government must then prove that the regulation is part of our unlawful possession by a felon statute a person convicted of a felony is barred from possessing any firearm for any purpose for all time because firearm possession is conduct that is protected by the second amendment and because the state cannot show a historical analog for such a complete and permanent ban on firearm possession the unlawful possession of a weapon by a felon statute violates the second amendment under the Bruin test. Now some courts have relied on language in Heller and Bruin about how the second amendment applies to law-abiding citizens and they've taken that language as evidence that the Supreme Court was trying to say that non-law-abiding people are to be categorically excluded from the second amendment's protections and that Bruin doesn't even apply to they don't hold that the second amendment per se excludes non-law-abiding citizens and in fact Heller in Heller the U.S. Supreme Court is quite explicit in saying that the right of the people to keep and bear arms is an individual right belonging to all Americans to everybody in the national community not some subset and to the extent that the Supreme Court repeatedly said the second amendment applies to ordinary law-abiding people in Heller and Bruin the court was simply describing the specific parties in those cases and the specific questions before them in those particular cases and the same is true when the Heller and Bruin court said nothing in our opinion today should be taken to cast doubt on long-standing prohibitions on the possession of firearms by the felon by felons or the mentally ill they were just saying that is not the question before us today the question before us today is what restrictions on law-abiding people can the second amendment support because that is who the parties were in those particular cases and Justice Alito himself says in Bruin you know our holding today decides nothing about who may lawfully possess a firearm but and I want to point this I think this language in Heller was instructive but I could point this court to the language where Heller the Heller court did say we're going to have to go the historical justifications for restrictions on non-law-abiding people once that question comes before us to quote Heller Heller said there will be time enough to expound upon the historical justifications for the exceptions we mentioned to the right to bear arms and they were talking about um felon in cases of felons or the mentally ill there will be time enough to expound on those so when you read all of that language together it's clear the supreme court is not saying that felons are per se excluded from the second amendment and you don't even have to do the historical analysis to the contrary with contrary what they were saying is we will have to go through the historical justifications for restrictions on second amendment rights for felons when that question comes before us but they're not saying felons are per se excluded from the second amendment um in interpreting the people as it's used in the second amendment to simply exclude the non-law-abiding is problematic um not just because that's not what Bruen or Heller say but also because it would be inconsistent with how the united states supreme court has interpreted the people as it's used in other places in the constitution for example individuals with felony convictions continue to have um fourth amendment and first amendment rights because they continue to be a part of the people as it's used in those amendments um so for example a police officer can't enter a person's home without a warrant just because they have they were previously convicted of a felony or a person's right to protest can't be curbed because they have a past felony conviction on their record i don't mean to stop you counsel but the right not to have a without a warrant is different than a convicted felon having a weapon that could be used to kill somebody correct um i mean they're factually different but i think we have to assume that the people was used the same way in various parts of the constitution um i i take your point that they are factually different scenarios um i also think that that heller language that i pointed out about how we're going to have to go through the historical justifications when they come before us really is evidence that they want us to put us through our paces and go through those historical justifications there and they refer to um do go through the historical analysis and go through that two-step test and if and i don't mean to stop you but sure and if i believe if i'm looking here correctly in my notes i think the the state concedes that the illinois courts have not done this you know analysis the post bruin that you're requesting correct they did say that i think that might not be quite correct i think one court may have gone through it um in brooks in the first district and i apologize i didn't cite that case well and obviously this this is not a novel topic i mean this is you know i'm not going to say it's the taste du jour but you know there's a lot of litigation on this issue yes um but which goes to my second point is although maybe there hasn't been much in illinois yet there has been um since bruin um a lot of federal litigation correct uh there has been that's correct okay yes and the cases have come out on on both sides of this issue kind of depending on which jurisdiction you're in correct i suppose that's correct yes um so um things to me that mr pendraves some of the some of the litigation about felons and possession weapons focuses on whether it was a forcible felony or a status crime like disposing of collateral borrowing money from a bank and disposing of collateral that's not a crime of violence or something that maybe should implicate your second amendment rights but domestic battery when i was a trial judge when somebody pled guilty to domestic battery the statute requires you to notify them with your plea you may be subject to the federal gun control act of 1968 and you may have certain rights limited here your client was convicted of aggravated domestic battery if i call correctly which is classified as a forcible felony so that's correct so i would um i would address that point by just pointing out this is a facial challenge and to the extent that mr honorable here was behaving in a dangerous or unlawful way that's why he's convicted of was convicted of aggravated discharge and to the extent that he's behaved dangerously in in the past he's been convicted for that conduct but the question for this court is can his second amendment right to merely possess a weapon for self-defense be permanently taken away for the remainder of his life because a felony conviction of a felony conviction in his background and i'm not saying that there isn't conceivably a way to uh conceivably a constitutionally valid way to reduce or restrict a felon's right to possess a firearm for example um a previous version of the unlawful possession by a fallen statute um only disarmed a fallen for five years and perhaps something like that might be valid under the second amendment but this permanent lifetime ban is completely unique in our tradition of firearm regulations it's not historically justified under bruin and because the permanence of the felon disarmament under the statute applies to every person with a felony there's no constitutional way to apply it and it's basically invalid you know bruin um instructs us on what counts as a relevantly similar historical analog the modern the modern regulation and its historical analog must have some similar comparable burdens on the right to bear arms as well as a similar comparable um justification or purpose i see i'm out of town of time if i could just finish this one point um i'm going to complete that thought that's fine thank you um may have um presented some status-based historical restrictions with a comparable purpose but they have not presented anything with this comparable burden of a permanent lifetime ban and that is the constitutional infirmity and it applies in every application of this statute and for that reason the statute is facially invalid thank you other questions justice i do if you will indulge me uh providing justice vaughn um obviously the state brings up in their uh answer brief regarding this forfeiture issue um i pulled up your reply brief and you address it a little bit but then in the meantime if i'm correct the state filed again look here uh motion to cite additional authority the ivy case out of the fourth district and the smith case out of the second and if i'm reading this correctly i believe um council contacted you and that you were going to respond i don't know if you all plan to respond to that today or are if you are requesting additional time to submit any written response to you know the motion to cite additional authority that deals with these recent cases um i'm happy to do that if it would be of help to this court um i did look at the once i looked at the authorities i realized that these were just as applied challenges and so i i haven't i thought my reply brief covered those arguments the state really cites no authority for its position that a facial constitutional challenge can be forfeited and of course it's well established that a challenged at any time and this question is purely a question of law there's no evidentiary record that needs to be developed below so the state simply needs to cite under the test needs to cite to historical laws and see how they compare to the unlawful possession by a felon statute and so i um i i thought that my reply brief adequately addressed that point but i am i just wanted to make sure that both of you have the proper time i know we're we're short on time on these cases i just want to give both you enough time to make sure you you know make your argument on that issue and and if you want to stand by what you have in your reply brief i have no problem with that i would defer to justice vaughn and obviously justice mckinney if they've got any questions on that issue i do not not okay so i'm not going to require any additional writing unless you all at the end of this believe you need that okay thank you your honor just do we do you know if we ruled on the motion for leave to file additional authority i'll look that up while mr barrett gets started if that's okay yeah yes thank you i mean we'll give you a chance for rebuttal in a moment mr barrett ready to proceed good morning your honors council and may it please the court john barrett for the state of illinois i'd like to start by just uh addressing uh the sufficiency of the evidence argument briefly there were a couple of comments in there that that are worth uh looking at um this charleston case cited by defendant um that case in that case the victim who was running away um from the shooter uh had her back turned and there was no other evidence presented of the direction in which the defendant in that case had fired the weapon and the police officers were not able to collect any evidence that uh that bore on the direction of that the weapon was fired um in this case you have officer eric's testimony that he saw uh he he saw the and firing three times at the at the red chevy malibu um the defendant was running i mean he wasn't just in a stationary spot so you know defendant in the brief uh talks about well he was at the lowest point in this on ramp or whatever at the time but i mean this is a chaotic situation where you have a moving defendant shooting so the the defendant was seen from 40 feet away by by uh at the car and there was also a bullet hole recovered in that red chevy malibu so here you have a rational connection uh the jury was able to reason i don't know because there have to the defense points out i think there was no forensic evidence connecting the bullet hole to any particular gun or even the casings that were found it's just a bullet hole but that's enough that's enough that's enough it's not ideal would it be great to have all that other forensic evidence yes but could the could the jury reasonably conclude based on the bullet hole and officer eric's testimony that he saw the defendant firing at the red chevy malibu you'd have to defer to the the jury on that they found that was reasonable so and then the other the other point um is that uh there's a citation of people v murray for the proposition that uh there was an evidentiary gap because the officer squad car there was no uh recording they didn't they didn't take a second to turn their video footage on and that evidentiary gap in the case weighs against the state they're citing to this case people v murray and people v murray um that was actually an expert testimony um that was insufficient based on street gang evidence and statute that requires uh direct uh comments on the the specific crimes that are committed by that street gang and that was not presented in that case so that that derives from supreme court rule 705 this case did not involve expert testimony we had a statute we had eric's testimony on every officer oberheim both testified they heard shots eric saw the shots and then we also had the bullet hole in the in the red chevy malibu so that was sufficient um and i know i'm limited on time so i want to turn as quickly as i can over to the second issue uh your honors uh which is the uh bruin challenge um so looking looking to that uh defendant is arguing that uh as a felon he his rights are protected by the second amendment and that he is included in the people um when we're looking at that first inquiry that bruin requires now um i would i would refer this court to the state uh courts um that have looked at uh long-standing prohibitions on felons and upheld this particular statute um as constitutional we have a we have a lot of history in our own state upholding uh felon dispossession statutes and um the fact that this isn't an as applied challenge i think defendant has a harder burden because a we have the presumption that the the constitution um is upheld by the statute the statute itself is is constitutional defendant bears the burden to show otherwise and uh with a facial challenge you have to show that there are no circumstances under which uh that statute can be uh constitutionally uh enforced and here there are all kinds of one could conceive of felony violent felony offenses for which we would say it's absolutely constitutional to remove certain violent felons firearms um under those circumstances so there's a much harder uh burden here for defendant to prove a from a facial challenge standpoint um let me refer to uh i was i was going to address the the comments on heller and mcdonald um both of those decisions which came out before bruin and upon which bruin relies bruin had specifically quoted um i think it was uh justice kavanaugh who was quoting from heller and that nothing in this decision um is is meant to challenge the long-standing prohibitions on uh felon possession bans and in that case in heller and in mcdonald um there's always the we see the supreme court weighing in specifically on felons and saying hey we we are not this we are not telling the states that they can't enact statutes that could prevent a felon or a dangerous felon from uh possessing weapons and here we in the state of illinois we have passed such legislation it's the job of the legislatures to pass um laws for the safety of the people and uh you know dispossessing felons is certainly a uh within the prerogative of the state to do i'm sorry it looked like someone was about to ask me a question i'm doing a little research while you're talking i'm sorry oh no no but so even if we did decide that the fell that felons do fall under or pass that that historical analysis and look at the um uh the historical analogs it's important to note that in brewin we don't have to find a historical twin so in this case when we're looking at dispossession statutes we know that non-violent felons like those who are convicted of forgery were at stake for capital punishment for a forfeiture of their entire estates there were very severe penalties for non-violent uh crimes back in the colonies there's a history of that um and we have recent illinois cases that have recognized that in our state in the second district in the fourth district in the first district uh the cases that have come out since brewing have all upheld uh felon weapon bans and the fifth district would your honors would be the first district to to decide um contrary to that um another important point is that people be aguilar i think this was a illinois supreme court case that came out in 2013 our own illinois supreme court has decided that felon dispossession statutes are presumptively lawful um they acknowledge that in the opinion and uh you know so we have our own state supreme court several state appellate courts now post brewing um arguing in favor of you know upholding the the current statute which has been challenged previously in other cases um and then defendant had uh there was a motion to cite additional authority for this prince case and i was looking at that prince case it's not a um that case is not an illinois uh uh state case it's a it's a federal case and uh we are not this your honors are not bound by that decision um and the statute at issue there is not the same statute that we're looking at here it's not this illinois statute that we're looking at here that numerous courts have already ruled on decided so you have a you have a body of law that has already made it has already ruled on this statute numerous times and upheld it so you have you the force of law to uphold here in this in the circumstances is strong and that prince case i'm sorry it's just it's not on all fours with this case and it's it's not even a state case it's a federal case so i just wanted to left so i will field any questions your honors have at this time and yield the rest of my time to counsel justice buoyant other questions don't have any questions i did look up and that motion to sign additional authority was granted on march 11th that's correct your honor now that now that i'm thinking of it yes justice mccain any other questions no questions all right thank you it's been jobby chance for rebuttal just proceed thank you um so the state citation to um cases that were decided after heller but pre-bruin um i would like to bring this court's attention to um the illinois supreme court case of shiraz shiraz i'm not sure how to pronounce it in 2018 um where that was a facial challenge to the possession of a firearm within a thousand feet of a public park but they recognized there that even the regulations that heller said were presumptively lawful still had to be subjected to the two-step test and the only difference being now that now we do a historical analysis instead of a means and analysis that's number two um but our illinois supreme court has rejected the argument that the state made there and that the state is making here that heller's so-called presumptively lawful regulations don't have to go through that two-step test or that um just because they're presumptively lawful that you can assume that felons are excluded from the second amendment that you still have to apply that scrutiny um and you know i don't the other reason i don't know that pre-bruin cases are that should be should guide this court's analysis is because the historical analysis required by bruin is different and more specific than the historical analysis that some courts prior to bruin but after hellen were engaging in in our state um while some of those previous cases may have looked more generally to see if a certain kind of firearm regulation has any kind of historical tradition um they have not undertaken this specific analogical analysis particularly as to whether the comparative burden of permanent firearm dispossession has any um relevantly similar historical analogs excuse me i think pre-bruin cases may have looked more at the comparable justifications or purpose but not whether there were historical analogs with a comparable burden but bruin says you have to have both for it to be relevantly similar and again the state here just hasn't pointed to any permanent lifetime ban um you know the state rightly points out that facial challenges to the constitutionality of statutes carry a high burden um statutes do generally enjoy a strong presumption of constitutional validity but in the second amendment context there are additional considerations after bruin the bruin court um showed a real i would say disapproval of the legislative deference that we normally give when doing constitutional analysis and they said look that doesn't apply to the second amendment in the second amendment context um to quote the bruin court they said while judicial deference to legislative interest balancing is understandable and is elsewhere appropriate it is not deference that the constitution constitution demands here under the second amendment um and instead the court wanted us to be guided by the plaintext and by history alone and they really wanted to get us to get away from that judicial deference to legislative interest balancing and so the supreme court has instructed that the legislative difference that we normally give when doing constitutional analysis does not apply with same force in the second amendment context um the the court i'm sorry that the um my opposing counsel here made a point about prince not being on all fours um that was a facial challenge to a permanent felon dispossession statute just like this one where they found that the um statute was facially invalid um for the reasons that i'm arguing here that while there in the historical in our historical tradition of firearm regulations there is no historical um analog with a comparative burden a permanent lifetime ban and if i could just address that first argument for one moment unless there were questions i could answer for the court on the facial challenge i guess i'm just not quite following your argument you concede that there are some felons who could be prohibited but if you make that concession aren't you giving up the the facial challenge that sounds more like an as applied challenge but no what i'm saying i'm sorry if i wasn't clear um what i'm saying is that the the i'm not saying that some felons can be prohibited the permanence of the disarmament is the constitutional infirmity here and that exists in every single application of this statute whether you've created you've committed a very very serious felony or a less serious felony there is this the this permanent lifetime ban of felon possession of disarmament is completely foreign to our tradition of um our historical traditions of firearm regulations the state has not pointed to anywhere where it's a permanent lifetime disarmament and that that is what makes it facially invalid does that does that make sense your honor i understand what you're arguing i'm not sure you have case law to back that up well it's the state's burden here to show examples in our history of a of permanent lifetime bans and they haven't done that and that's why um that's why they can't show their burden under the second step of the Bruin test but heller i'm looking at heller right now there was a line in there that says although we do not undertake an exhaustive historical analysis today of the full scope of the second amendment nothing in our opinion should be taken to cast doubt on long-standing prohibitions of the possession of firearms by felons and the mentally ill or laws for by forbidding carrying of firearms in sensitive places such as schools government buildings etc so the supreme court and heller acknowledged that there are situations where historically bans have been allowed and they didn't differentiate between lifetime or temporary or because that question wasn't before them your honor so they said we're not going to touch this right now um they did say there will be time enough to expound on the historical justifications for these later so i think they did contemplate that you would have to go through the historical justifications later to see if there is a relevantly similar analog and here going through that the state has not presented any permanent lifetime bans um there's there's firearm regulation just find that hard to to accept i'm charles manson was eligible for parole he kept applying for parole so what you're saying if he had been granted parole he couldn't have been banned from a firearm for life that's california but it just seemed like there are some people out there that the the constitution understands and acknowledges would would could be banned for life from to present that example and they they haven't done that here and um again i'm not saying that you couldn't conceivably craft a statute that has a historical analog um can you know confining it to certain kind levels of dangerousness and or certain kinds of felonies but this broad this broad ban on of lifetime disarmament it is completely unique to our tradition of historical regulations and and heller and bruin did say these are only presumptively lawful and we are going to have to go through the historical justifications when that question comes before us and going through that historical analysis here now that this question is before this court the state just hasn't presented the the relevantly historical analog all right thank you justice buoy the questions i don't know i i may be going down a rabbit hole and maybe i shouldn't but you know when we're talking about this you know we talk about and i believe justice bond just said this or maybe it was you counsel you know in the past you talk about people with mental infirmities you talk about felons and you know um and then you know how they may not should not be able to possess weapons for various reasons and then talking about how to differentiate and maybe create a law you know certain things um and i mean i did mental health court in a trial court for 19 years so i'm i've got a wealth of information regarding mental health issues um at the trial level but so kind of a similar hypothetical would be you know under our foy card system the anyone with a mental health issue is you know uh ineligible to get a foy card there therefore to to have a firearm but if you start then trying to differentiate between maybe someone who has depression versus bipolar versus paranoid schizophrenia you know how do you start trying to differentiate what may be you know a mental illness i.e. a lower class felony that you know justice bond brought up earlier that okay maybe those people should be allowed to have a firearm versus someone who's been you know diagnosed like i said with you know paranoid schizophrenia or i mean how do you start then going down into those you know categories to to to make it apply to some but not others well the way this the united states supreme court wants us to answer that question is you know it's not about who we think should or shouldn't they want us to get away from means and analysis altogether and i realize that this is a break from how we normally do constitutional analysis how we normally evaluate statutes but that's what the supreme court has held and so how they would answer that question is you see are mentally ill people a part of the people do they have uh i would say yes that they are um okay is the conduct covered at step one a firearm possession by the second amendment yes it is now you go through the step two the historical justifications how then in in throughout history and and they supreme court had a particular emphasis on founding era and reconstruction era regulations you go through those regulations and see how did they answer that question and do does our modern regulation then have a comparative justification or purpose and a that's how they the supreme court wants us to now answer the questions on regulations on the right to bear arms thank you counsel thank you justice mckinney questions no further questions all right thank you it's an interesting question and we will consider your arguments and the briefs already filed we'll take the matter under advisement and issue a decision in due course